## COMMONWEALTH *versus* JOHN P. JORDAN.

A person licensed as an innholder, common victualler, and retailer, under *St* 1832, c. 166, § 8, [Revised Stat. c. 47, § 21,] which provides, that the county commissioners may license persons "as innholders, common victuallers, or retailers or sellers of wine, beer, ale, cider, or any other fermented liquor," is not authorized, in virtue of his capacity of an innholder and retailer under such license, to sell spirituous liquors.

THIS was an indictment against the defendant for selling mixed spirituous liquor, to be drunk in his house in Williamstown, against the provisions of *St.* 1832, c. 166.

At the trial in the Court of Common Pleas, before *Strong* J., the defendant admitted that he sold the liquor as set forth in the indictment, but contended that he had a right so to do, by virtue of a license granted to him under *St.* 1832, c. 166, the 8th section of which provides, that the county commissioners may license as many persons " as they shall decide the public good shall require, as innholders, common victuallers, or retailers or sellers of wine, beer, ale, cider, or any other fermented liquor, and no excise or fee shall be required therefor."

The defendant was licensed as a taverner, innholder, common victualler and retailer of wine, &c., and by the order of the commissioners no fee was charged. The judge ruled, that he was not authorized by such license to sell spirituous liquors.

The jury returned a verdict of guilty; and the defendant excepted to the ruling of the judge.

*Sept.* 22d.    *Dwight* and *Briggs*, for the defendant.

*C. A. Dewey*, (District Attorney,) for the Commonwealth.

*Sept.* 23d.    SHAW C. J. delivered the opinion of the Court. The 8th section of the statute of 1832, provides for a new class of licensed houses, authorizing licensed persons to be innholders, with liberty to sell wine, beer, ale, and other fermented liquors; such license does not make it lawful for such innholders to sell brandy, rum, or other spirituous liquors. The various provisions of the statute imposing penalties on innholders for suffering persons to drink to excess in their houses, and implying a right to sell spirituous liquors, are to be construed by the maxim *reddenda singula singulis*, and to be confined to that class of innholders, licensed under the first section, who are

authorized to sell rum, brandy, and other spirituous liquors. In this way all the clauses of the statute will have their proper meaning and effect.

The license produced by the defendant is a license under the 8th section of the statute, and did not justify him in selling rum by retail.

*Exceptions overruled.*